IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL BOYD,

    Plaintiff,

v.

WELLS FARGO FINANCIAL BANK, INC.,WELLS FARGO BANK, N.A.,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-151

**O R D E R**

This matter is before the Court on the parties' Rule 26(f) Report. (Doc. 12.) In their January 13, 2017, Rule 26(f) Report and during the conference call conducted on January 26, 2017, Defendants requested that discovery be stayed until after a ruling by the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss, (doc. 4), and Plaintiff's Motion to Remand, (doc. 5). After careful consideration, the Court **GRANTS** Defendants' request for a stay of discovery.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted).

For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant's Motion to Dismiss and Plaintiff's Motion to Remand and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on the parties' motions before the commencement of discovery may save the parties time and resources by clarifying what issues, if any, the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that discovery, and all other deadlines, shall be stayed pending a resolution of Defendant's Motion to Dismiss and Plaintiff's Motion to Remand. The parties shall file another Rule 26(f) Report **within twenty-one (21) days** of the Court's ruling on Defendant's Motion to Dismiss, (doc. 4), and Plaintiff's Motion to Remand, (doc. 5), if any claims remain pending in this Court.[1] Upon receipt of the Rule 26(f) Report, the

---

[1] To be clear, this stay will remain in effect until the Motion to Dismiss and the Motion to Remand are ruled upon. For example, should the Court resolve one Motion in one order and then resolve the remaining Motion in a subsequent Order, the Rule 26(f) Report shall not be due until 21 days after the subsequent Order.

2

Court will enter the appropriate scheduling order.

**SO ORDERED**, this 30th day of January, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA