In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 8:31 am, Apr 11, 2017

MICHAEL BOYD,

    Plaintiff,

v.

WELLS FARGO FINANCIAL BANK, INC., and WELLS FARGO BANK, N.A.

    Defendants.

CV 216-151

## ORDER

Pending before the Court is Plaintiff Michael Boyd's ("Plaintiff") Motion to Remand (Dkt. No. 5) and Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss (Dkt. No. 4). For the reasons set forth below, Plaintiff's Motion to Remand (Dkt. No. 5) will be **DENIED**, and Defendant's Motion to Dismiss (Dkr. No. 4) will be **DENIED**.

## FACTUAL BACKGROUND

The following allegations are taken solely from Plaintiff's Complaint. Dkt. No. 1-1. Plaintiff asserts that at various times in August 2009, Defendant published false statements regarding Plaintiff's indebtedness. Id. p. 127 ¶ 3. Plaintiff asserts that these statements adversely affected his ability to

obtain a loan. Id. ¶ 5. Plaintiff further asserts that he notified various third-party credit reporting agencies ("CRA") that these statements were false, but Defendant failed to correct the faulty information. Id. ¶ 7. It appears that all of these claims are brought under the Fair Credit Reporting Act ("FCRA") and are therefore subject to federal jurisdiction.

**PROCEDURAL HISTORY**

Plaintiff originally filed this action on September 4, 2009 in Glynn County State Court. Dkt. No. 1-1 p. 6. At that time, the only Defendant was Wells Fargo Bank, Inc. ("WFBI"). The Sheriff's Office served process on a WFBI employee. Id. p. 9. WFBI did not make an appearance before the state court and default judgment was granted in favor of Plaintiff on November 5, 2014. Id. p. 17.

On April 5, 2016, Defendant moved to set aside the judgment on the bases that WFBI was a non-existent entity and Defendant was not even aware of the suit until 2015. The state court set aside its previous judgment, finding WFBI did not exist as a separate entity and that the WFBI employee was not an authorized agent of Defendant. Id. p. 104. On August 17, 2016, Plaintiff moved to add Defendant as a party in the state court action. Id. p. 110. The state court granted this request, though without elaboration. Id. p. 111. Defendant ultimately removed this action to this Court on November 10, 2016. Dkt. No. 1.

## DISCUSSION

### I. Plaintiff's Motion to Remand

The Court first considers Plaintiff's Motion to Remand. Under 28 U.S.C. § 1441(a), a defendant in a case originally filed in state court may remove the case to federal district court if the district court could have exercised original jurisdiction. Under 28 U.S.C. § 1447(c), however, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

Plaintiff's sole argument in favor of remand is that 28 U.S.C. § 1446(b) requires remand because Defendant was served with this action in state court in September 2009, but did not remove until November 10, 2016. Dt. No. 5-1 p. 1. Therefore, Plaintiff asserts that removal was untimely. Under 28 U.S.C. § 1446(b), notice of removal must

> be filed thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Applying this rule, the Eleventh Circuit has found that "a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial

process." Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208 (11th Cir. 2008). Therefore, the Court looks to when Defendant received formal service of process to determine if Defendant's removal was timely. It appears that Plaintiff's original complaint was actually filed on September 9, 2009. Dkt. No. 1-1. The record reflects that Defendant was formally served on October 12, 2016. Dkt. No. 1-1 p. 130. Defendant filed its notice of removal on November 10, 2016 (Dkt. No. 1)—within the 30-day deadline. Therefore, Defendant timely removed this matter, and Plaintiff's Motion to Remand must be denied.

## II. Defendant's Motion to Dismiss

Defendant asserts that Plaintiff's Complaint should be dismissed because it was not brought within the two-year statute of limitation for FCRA claims. Dkt. No. 4 (citing 15 U.S.C. Section 1681p(1)). There is no dispute here that Plaintiff became aware of the alleged FCRA violation in August 2009. While the original complaint was filed against WFBI, it is undisputed that Defendant was not added as a party until September 2016. Dkt. No. 1-1 pp. 6, 126. Therefore, there is no dispute that the statute of limitations has run as to claims against Defendant. Instead, Plaintiff relies on the "relation back" rule set forth in Federal Rule of Civil Procedure 15(c).[1]

---

[1] At the outset, the Court notes that federal law, rather than state law, is binding regarding the relation-back issue, because the limitations period is set by federal law here. Saxton v. ACF Indus., Inc., 254 F.3d 959, 961 (11th

AO 72A
(Rev. 8/82)

4

The purpose of the rule is to allow amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint corrects a mistake about the identity of the defendant. See Schiavone v. Fortune, 477 U.S. 21, 29 (1986); Hill v. U.S. Postal Serv., 961 F.2d 153 (11th Cir. 1992) (permitting pro se plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements); Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993) (holding relation-back applies where the amendment is made "to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued.").

Plaintiff must plausibly allege that Defendant (1) has received such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. Fed. R. Civ. P. 15(C)(1)(c)(i)-(ii).

---

Cir. 2001) (en banc). Plaintiff appears to assert that the state court has already ruled on the relation-back issue. Dkt. No. 7 p. 5. Yet, since this is a question of federal procedure, the state court would not have jurisdiction over that issue. Regardless, the state court simply allowed Plaintiff to add Defendant as a party, with no analysis regarding that issue. Dkt. No. 1-1 p. 111. As such, to the extent Plaintiff argues that the statute of limitations issue has already been settled, the record shows otherwise.

AO 72A
(Rev. 8/82)

The Court finds that it is unable to answer this question on the face of the complaint alone. Overlapping discovery was conducted at the state court which is now attached as an exhibit to Defendant's Notice of Removal. Dkt. No. 1-1. However, the Court cannot properly rely on this exhibit to render a Rule 12(b)(6) ruling. To remedy this procedural obstacle, the Court will deny Defendant's motion to dismiss, but request that Defendant re-submit its motion as a Motion for Summary Judgment. Therefore, Defendant's Motion to Dismiss is denied at this time. It may, however, be converted into a motion for summary judgment.

## CONCLUSION

For the reasons set forth above, Plaintiff Michael Boyd's Motion to Remand (Dkt. No. 5) is **DENIED** and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Dkt. No. 4) is **DENIED**. Defendant shall re-submit its motion as a Motion for Summary Judgment within **21** days.

**SO ORDERED**, this 11th day of April, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

6