# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

MICHAEL BOYD,

    Plaintiff,

v.

WELLS FARGO FINANCIAL BANK,
INC., WELLS FARGO BANK, N.A.,

    Defendants.

CV 216-151

## ORDER

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("WFBNA") Motion for Summary Judgment (Dkt. No. 27). This Motion has been fully briefed and is now ripe for review. For the reasons set forth below, the Motion will be **GRANTED**.

### FACTUAL BACKGROUND

Plaintiff Michael Boyd asserts that at various times in August 2009, Defendant published false statements regarding Plaintiff's indebtedness to various credit reporting agencies. Dkt. No. 1-1, p. 127 ¶ 3. Plaintiff asserts that these statements adversely affected his ability to obtain a loan. Id. ¶ 5. Plaintiff further asserts that he notified the various

credit reporting agencies that these statements were false but that Defendant failed to correct the faulty information. Id. ¶ 7.

**PROCEDURAL HISTORY**

This case has a procedural history dating back to 2009. On September 4, 2009, Plaintiff filed a complaint against Wells Fargo Financial Bank, Inc. ("WFFBI") in the State Court of Glynn County. Dkt. No. 1-1 p. 6; Dkt. Nos. 27-1, 30-1 ¶ 1. No other Defendants were named. Id. That Complaint alleged that WFFBI falsely communicated material information about Plaintiff to Equifax Information Services, Experian, and Transunion, including a statement that Plaintiff was indebted to WFFBI. Dkt. No. 1-1 p. 6; Dkt. Nos. 27-1, 30-1 ¶ 2. In an attempt to serve WFFBI, Plaintiff delivered the Complaint to Mary Glembin, an employee of WFFBI in Minnehaha County, South Dakota. Dkt. No. 1-1, p. 9; Dkt. Nos. 27-1, 30-1 ¶ 4. WFFBI never appeared in the case, and the state court entered default judgment in favor of Plaintiff on November 5, 2014. Dkt. No. 1-1, pp. 11-12; Dkt. Nos. 27-1, 30-1 ¶ 5-6.

On April 5, 2016, WFBNA moved to set aside the judgment on the basis that WFFBI did not exist and that WFBNA was unaware of the suit when default judgment was entered. Dkt. No. 1-1, pp. 90-91. The state court accordingly set aside the judgment on August 12, 2016. Id. at 104; Dkt. Nos. 27-2, 30-1 ¶ 7. On

AO 72A
(Rev. 8/82)

August 17, 2016, Plaintiff moved to add WFBNA as a party in the state court action. Dkt. No. 1-1, p. 110. The state court granted this request, without explaining its reasoning. Id. p. 111. Defendant ultimately removed the action to this Court on November 11, 2016, and this Court denied Plaintiff's motion to remand. Dkt. No. 1; Dkt. No. 25.

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must show the

court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

The nonmovant may satisfy this burden in two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant attempts to carry this burden instead with nothing more "than a repetition of his conclusional allegations, summary judgment for the defendants [is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981) (citing Fed. R. Civ. P. 56(e)).

AO 72A
(Rev. 8/82)

**DISCUSSION**

Defendant moves for summary judgment, arguing that it was sued after the statute of limitations had run and that the claims do not relate back to those filed before the limitations period had run. Dkt. No. 4. Plaintiff added[1] WFBNA on August 17, 2016, asserting claims under the Fair Credit Reporting Act ("FCRA"),[2] which has a two-year statute of limitations, for actions that allegedly occurred in August 2009. 15 U.S.C. § 1681p(1); Dkt. Nos. 27-1, 30-1 ¶¶ 3, 8. Because the statute of limitations has run, Plaintiff can only bring claims against WFBNA if they relate back to those filed against WFFBI in August 2009 according to Federal Rule of Civil Procedure 15(c).

In federal court[3], claims asserted after the running of the statute of limitations against a new defendant relate back to those filed before its running against a different defendant when (1) the claim arose out of the same transaction or occurrence as that alleged in the original complaint; (2) the new defendant received notice of the action within ninety days[4] of the original complaint; and (3) the new defendant knew within

---

[1] The result is the same regardless of whether WFBNA was added or substituted.
[2] Though the complaint does not make clear what claims are asserted, Plaintiff maintains in his briefs that he brought both FCRA and defamation claims. The addition of the defamation claim does not save Plaintiff. The applicable Georgia statute of limitations is one year. O.C.G.A. § 9-3-33.
[3] Because the Federal Rules do not apply in state court, the State Court of Glynn County has not addressed whether Plaintiff's claims against WFBNA relate back to those filed against WFFBI, contrary to Plaintiff's speculation.
[4] The presumptive time of serving a defendant was 120 days before 2015. The change has no bearing on a case like the present one.

ninety days of the original complaint that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).

Plaintiff easily satisfies the first requirement: both the original claim against WFFBI and the new claim against WFBNA arose out of a Wells Fargo entity's allegedly false statements to various credit reporting agencies regarding Plaintiff's debt status. Dkt. Nos. 27-1, 30-1 ¶¶ 3, 11. But Plaintiff does not fare so well for the second and third requirements.

As already found by the state court, WFBNA (and WFFBI, for that matter) had not received notice of the claim filed in September 2009 when default judgment was entered in 2014—much less within ninety days of the complaint. Dkt. No. 1-1, p. 104-108. That is why the state court set aside the default judgment. Id. Plaintiff asserts that Defendant received notice when its employee, Mary Glembin, received the Complaint in September 2009. Dkt. No. 30 p. 2. This argument already lost in the state court, which found, "Mary Glembin was not authorized to accept service on behalf of any Wells Fargo-related entity." Dkt. No. 1-1, p. 108. Mere employees are not statutorily authorized to receive service for the corporation itself. O.C.G.A. § 9-11-4(e)(1). Neither is her awareness of a lawsuit imputed to her employer, especially where Glembin has

not been employed at WFBNA since November 2009. Dkt. No. 1-1, p. 84.

Plaintiff has provided no evidence that Glembin was anything but a mere employee. Defendant has shown through the affidavits of WFBNA employees Trent Arndt and Enrique Lopez (Dkt. Nos. 1-1, pp. 83-86) that Glembin was a Loan Servicing Specialist 3—not a president, officer, or registered agent for service. Plaintiff has provided no evidence to contradict this showing. Nothing in the record indicates that she was authorized to receive service of process or held a position that would bind her actual employer. Moreover, WFBNA would be prejudiced in defending a suit for which actions allegedly occurred nine years ago. Defendant's argument that evidence and witnesses of the underlying facts have dissipated is persuasive. As a result, Defendant did not receive notice of the action within the appropriate time, and Plaintiff fails to satisfy the second requirement for relation back.

Failure of any of the three requirements dooms the relation back. But Plaintiff also fails to meet the third requirement. No evidence has been produced showing that WFBNA knew that Plaintiff would have sued it but for a mistake in identity. Even assuming that Gemblin's knowledge could be imputed to WFBNA, the complaint itself lacked details of the underlying events that would suggest to WFBNA that it was the proper

AO 72A
(Rev. 8/82)

defendant. The complaint did not detail communications between Wells Fargo entities and the credit reporting agencies. Thus, Plaintiff's claims against WFBNA do not relate back to those filed against WFFBI, and Defendant's Motion for Summary Judgment will be GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. No. 27) is **GRANTED**. It is the Court's understanding that Defendant WFFBI has been deemed a nonexistent entity. Plaintiff's briefs all but concede so. The parties shall have seven days from today's date to provide evidence as to whether WFFBI is a legal entity capable of being sued.

**SO ORDERED**, this 23RD day of October, 2017.

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA